UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICO MENEFEE,

        Plaintiff,

v.                                         CASE NO. 05-CV-74892-DT
                                           HONORABLE LAWRENCE P. ZATKOFF

U.P.S.

        Defendant.
_____/

## ORDER OF DISMISSAL

### I. Introduction

This matter is pending before the Court on plaintiff Rico Menefee's *pro se* civil rights complaint under 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986. Plaintiff is a state prisoner at Lakeland Correctional Facility in Coldwater, Michigan. Defendant is the United Parcel Service (UPS) of Newport News, Virginia.[1]

Plaintiff alleges that, on approximately October 19, 2005, he returned a pair of headphones to Koss Electronics (Koss) in Milwaukee, Wisconsin for repair. UPS delivered the headphone, but Koss subsequently informed Plaintiff that it could not repair the headphone under its warranty agreement, because the package was damaged during shipment and pieces were missing. The complaint and exhibits indicate that Plaintiff did not use sufficient packaging and cushioning when shipping the headphone.

---

[1] The Court takes judicial notice of the fact that UPS operates in Michigan. UPS is subject to personal jurisdiction in this District because it has facilities here and it conducts business in this District. *See Atari v. United Parcel Service, Inc.*, 211 F. Supp. 2d 360, 362 (D. Mass. 2002).

Plaintiff alleges that the headphone provided a therapeutic outlet for him and that his rights under the First Amendment have been violated because he used the headphone to listen to religious programs on radio and television. Plaintiff also alleges that the particular model of headphone that he was using is no longer available to prisoners and that it will be years before he can afford to purchase another one. He seeks money damages and another CL-20 Koss headphone.

## II. Discussion

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. An indigent prisoner's civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). To successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that the defendant acted under color of law and deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

The pending complaint is frivolous and fails to state a claim, because UPS is not a state actor and the alleged conduct is not "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The Court recognizes that "the acts of a private party are fairly attributable

to the state on certain occasions when the private party acted in concert with state actors." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 n.6 (1982). However, to successfully state a claim under 42 U.S.C. § 1985(3), a plaintiff must prove

> "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any rights or privilege of a citizen of the United States.'" *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (quoting *United Bd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983)). Moreover, the Supreme Court has stated that "[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971).

*Radvansky v. Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005); *see also Smith v. Thornburg,* 136 F.3d 1070, 1078 (6th Cir.1998).

Plaintiff's conspiracy claim under § 1985(3) is frivolous, because Plaintiff has not shown that UPS conspired with state actors to deprive him of equal protection of the law and was motivated by a class-based, discriminatory animus. There can be no claim under § 1986 (aiding and abetting violations of § 1985), because Plaintiff has failed to show a violation of § 1985(3). *Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir. 1980); *Davey v. Tomlinson*, 627 F. Supp. 1458, 1462 (E.D. Mich. 1986).

"Section 1981 addresses racial discrimination in contractual relationships." *Morris v. Office Max, Inc.,* 89 F.3d 411, 413 (7th Cir. 1996). Even if the Court were to assume that Plaintiff had a contractual relationship with UPS to deliver his headphone to Koss, Plaintiff has failed to establish that UPS was at fault and that UPS damaged the package on account of Plaintiff's race. The facts as alleged do not support the claim under 42 U.S.C. § 1981.

### III.  Conclusion

Plaintiff's allegations are frivolous and fail to state a claim for which relief may be granted. Accordingly, the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  An appeal from this order also would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                                    s/Lawrence P. Zatkoff
                                    LAWRENCE P. ZATKOFF
                                    UNITED STATES DISTRICT JUDGE

Dated:  February 16, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 16, 2006.

                                    s/Marie E. Verlinde
                                    Case Manager
                                    (810) 984-3290